GLD-291                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2986
_____

LAVOND A. HILL,
Appellant

v.

GERALD L. ROZUM, Superintendent of SCI Somerset; DANIEL GEHLMANN,
Deputy of SCI Somerset; ROBERT B. MACINTYRE, Chief Hearing Examiner;
JOSEPH DUPONT, Hearing Examiner of SCI Somerset; KALASKY, Correctional
Officer of SCI Somerset

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 11-cv-00097)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(b)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 15, 2011

Before:  AMBRO, CHAGARES and COWEN, Circuit Judges

(Opinion filed: October 12, 2011)

_____

OPINION
_____

PER CURIAM

Lavond A. Hill appeals pro se and in forma pauperis from the United States District Court for the Western District of Pennsylvania's dismissal of his complaint. For the reasons that follow, we will summarily affirm the District Court's order.

I.

In April 2011, Hill (a Pennsylvania state prisoner) commenced a civil rights action under 42 U.S.C. § 1983 alleging that his Fifth Amendment right against self-incrimination was violated when he remained silent after a prison guard asked him whether there was any contraband in his cell. Upon the subsequent search of Hill's cell, a homemade weapon was found. Hill was thereafter charged with four disciplinary violations, including possession of contraband and failure to report the presence of contraband. After a disciplinary hearing, Hill was found guilty of all charges and placed in the Restricted Housing Unit ("RHU") for 240 days. Hill's subsequent administrative grievances and appeals, which were based on his claim that his right against self-incrimination was violated, were unsuccessful.

Upon granting Hill permission to proceed in forma pauperis, the Magistrate Judge recommended that the complaint be dismissed for failure to state a claim and determined that amendment of the complaint would be futile. The District Court adopted the Magistrate Judge's report after rejecting Hill's objections thereto, and dismissed the complaint.

Hill now appeals.

II.

2

Because this appeal presents no substantial question, we will summarily affirm the order of the District Court dismissing the complaint for failure to state a claim. 3d Cir. LAR 27.4 and I.O.P. 10.6. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's sua sponte dismissal of a complaint is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Hill claims that his Fifth Amendment right against self-incrimination was violated when he was allegedly subject to disciplinary proceedings and sanctioned by being placed in the RHU after remaining silent when a correctional officer asked him whether he had contraband in his cell. The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, requires that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const., Amdt. 5. Here, as the District Court noted, Hill was never made to be a witness against himself in violation of the Constitution because his silence was never used against him in a criminal setting. See Chavez v. Martinez, 538 U.S. 760, 767 (2003) (holding that the use of compulsive questioning, without more, does not violate the Constitution, and stating that it is "not until [a statement's] use in a criminal case that a violation of the Self-Incrimination Clause occurs"); Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). Further, there were no ramifications to Hill's disciplinary charges other than being placed in the RHU. For these reasons, we agree that Hill's complaint failed to state a claim.

We have also held that a district court should not dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004); Grayson v. Mayview

3

State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, the District Court appropriately determined that amendment would be futile. Further, we note that Hill had, and took, the opportunity to object to the Magistrate Judge's recommendation, but revealed no flaw in the dismissal of his complaint.

We will therefore summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6. Hill's motion for appointment of counsel is denied.